# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JAMES ALLEN TOMAS,

       Defendant-Appellant.

UNPUBLISHED
October 21, 2014

No. 316286
Muskegon Circuit Court
LC No. 12-062281-FC

Before: BORRELLO, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant, James Allen Tomas, appeals as of right his conviction of assault with intent to murder, MCL 750.83, following a jury trial. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 20 to 30 years' imprisonment. For the reasons set forth in this opinion, we affirm the conviction and sentence of defendant.

Testimony revealed that the victim in this case and defendant had been roommates in a one bedroom bungalow for approximately four to five years. Testimony was offered to prove that the victim and defendant had, during their joint tenancy, periodically engaged in physical confrontations with each other and often argued. Accounts differed on which of the two men typically instigated the disputes.

On July 4, 2012, defendant had gathered with his landlords to celebrate the holiday with a barbeque. Testimony revealed that prior to the assault, defendant had engaged in drinking, described by one witness as "drinking all day, like always." As the day progressed, the group gathered to watch fireworks. Before the fireworks had commenced, defendant and the victim began an argument in their bungalow over money. According to the victim, as they were arguing over money, defendant went into the kitchen area and returned with a knife which he then used to stick in the victim's stomach. The victim backed out of the door and called out for help as his intestines were protruding outside his stomach. Numerous people testified to seeing the victim holding his stomach, describing the wound as appearing that " . . . [His] insides were hanging out of his stomach . . . ."

-1-

Police were summoned to the scene, arranged to have the victim transported to the hospital and took the defendant into custody. After advising defendant of his *Miranda*[1] rights, defendant agreed to speak with police officers about the incident, and told them that while the victim had been stabbed, he actually "fell on the knife." Defendant admitted that he and the victim had argued earlier over the temperature inside their bungalow, and that was the source of the dispute. During the interview, defendant never suggested that the victim inflicted any violence on him prior to the stabbing.

Prior to trial, the prosecution filed two separate notices of its intent to rely on evidence of other crimes, wrongs or acts under MRE 404(b) and MCL 768.27. The first notice related to a 2008 incident in Muskegon. The second notice related to a 1986 incident in Chicago Heights, Illinois. Both notices asserted that the proposed evidence was being offered "in order to prove material facts including intent, absence of mistake or accident, common scheme, plan or system in doing an act, method of operation." Defendant filed objections to the prosecution's 404(b) notices, arguing that the proposed evidence was not offered for a proper purpose, was irrelevant and, in the case of the incident from Illinois, was more than 20 years old. On October 26, 2012, a hearing on defendant's objections was held, and the trial court issued its opinion and order overruling defendant's objections to the prosecution's notice to use the 1986 incident from Chicago Heights, Illinois and the 2008 Michigan incident, and permitted the use of both prior crimes at trial under both the statute, MCL 768.27, and the court rule, MRE 404(b)(1). Defendant was convicted and sentenced as stated above and this appeal then ensued.

On appeal, defendant first argues that the trial court committed error requiring reversal by allowing other bad acts evidence of two prior knife fights, which made it more likely the jury would convict him based on those other acts rather than the evidence of the charged offense.

The admissibility of bad acts evidence is within the trial court's discretion and will be reversed on appeal only when there has been a clear abuse of discretion. *People v Waclawski*, 286 Mich App 634, 670; 780 NW2d 321 (2009). When the decision involves a preliminary question of law, the question is reviewed de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). The determination whether the probative value of evidence is substantially outweighed by its prejudicial effect is best left to a contemporaneous assessment of the presentation, credibility and effect of the testimony. *Waclawski*, 286 Mich App at 670. An error in the admission of bad acts evidence does not require reversal unless it affirmatively appears that the error was outcome determinative. *People v Knapp*, 244 Mich App 361, 378; 624 NW2d 227 (2001).

> MRE 404(b)(1) governs admission of evidence of bad acts, and provides:
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In order for other acts evidence to be admissible under MRE 404(b): 1) it must be offered for a proper purpose; 2) it must be relevant; and 3) the probative value of the evidence may not be substantially outweighed by unfair prejudice. *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). "Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character." *Mardlin*, 487 Mich at 615.

The prosecution complied with the pretrial notice requirement of MRE 404(b)(2), by timely filing two notices, relating to a 2008 incident in Muskegon involving Bruce Welch and Muskegon Police Officer Kate Strauss, and the 1986 incident in Chicago Heights, Illinois, involving Walter Kane. Though defendant filed objections, defense counsel acknowledged to the trial court that the theories of defense included accident or mistake, identity, lack of intent and self-defense.

Kane testified at trial that he had an encounter with defendant outside a bar in 1986, in Chicago Heights, Illinois. They "stepped outside to settle it," and defendant began swinging a knife back and forth at Kane's face and neck, inflicting serious injuries. Welch testified that he and defendant "got into it" in July, 2008. Defendant offered to fight Welch, who anticipated a fist fight, but defendant unexpectedly produced a large knife and swung it within two feet of Welch.

The record shows that the trial court properly determined that other acts evidence was admissible under MRE 404(b)(1). In light of defendant's stated position that the stabbing of the victim in the case at the bar was an accident and not done intentionally, the prosecution offered the evidence for the proper purposes of showing "intent" and "absence of mistake or accident" under MRE 404(b)(1). *VanderVliet*, 444 Mich at 74-75. The question is not whether the evidence falls within an exception to a supposed rule of exclusion, but rather whether the "evidence [is] in any way relevant to a fact in issue" other than by showing mere propensity.a *Id. at* 64. (Internal citations omitted). As stated by our Supreme Court in *VanderVliet*, 444 Mich at 64: "Put simply, the rule is *inclusionary* rather than exclusionary." (Internal citation omitted).

Though the rule is inclusionary rather than exclusionary, the proposed other acts evidence must also be relevant under MRE 402. *Id.* In this case, it is apparent that both prior acts involved defendant's aggressive use of a knife against an unarmed person. In both the 1986 and the 2008 incidents, Kane and Welch did not expect to be assaulted with a knife. "Unusually frequent events—and particularly purported accidents—associated with the defendant and falling into the same general category of incidents are admissible to disprove lack of accident . . . with regard to the charged event." *Mardlin*, 487 Mich at 629. Thus, evidence of the other acts was admissible to negate defendant's claim that the stabbing of the victim in the case at bar was a mere accident. *Id.* In addition, the prior bad acts evidence was relevant to prove defendant's intent to kill, and was relevant to defendant's allegedly innocent intent under MRE 402. *VanderVliet*, 444 Mich at 78–81.

Finally, under MRE 403, the probative value of the proposed other acts evidence must not be substantially outweighed by unfair prejudice. *Id.* "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). Here, given defendant's claims of accident and innocent intent, the past knife assaults were highly probative. The record does not support that the probative value was substantially outweighed by any unfair prejudice under MRE 403. The trial court was in the best position to make MRE 403 determinations on the basis of "a contemporaneous assessment of the presentation, credibility, and effect of testimony. . . ." *VanderVliet*, 444 Mich at 81. Accordingly, the trial court did not abuse its discretion in admitting the other acts evidence under MRE 403.

Lastly, the record also reveals that the trial court issued instructions to the jury about the appropriate use of the other acts evidence, and it is well established that jurors are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Thus, the impact of any prejudicial use by the jury of the other acts evidence was cured by the instructions. Accordingly, defendant is not entitled to relief on this issue.

Defendant also argues on appeal that the trial court improperly allowed Officer Kate Strauss to testify to statements made by defendant regarding the 2008 Muskegon incident. Again, our review of defendant's claim of error is for an abuse of discretion. *Mardlin*, 487 Mich at 614. A preserved evidentiary error does not merit reversal in a criminal case unless it appears that it is more probable than not that the error was outcome determinative. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013).

Here, defendant argues that the trial court improperly allowed Officer Strauss to testify to statements made by defendant regarding the 2008 Muskegon incident, in which defendant first denied pulling a knife, but later admitted he had a knife in his hand but did not to use it against Welch. Defendant first told Strauss that, while he was cooking chicken on a grill outside, an unknown male with glasses jumped him and started choking him. Later, at the jail, defendant told Strauss that Welch approached him while he was cooking the chicken and, as he turned, defendant had the knife in his hand but never tried to cut or stab Welch with it.

According to defendant, the trial court erroneously believed that because it had already allowed the evidence regarding the 2008 Muskegon incident into evidence, the statements made by defendant to Officer Strauss could also be admitted. We glean no such analysis from the trial court's ruling. Review of the trial court's ruling on the issue reveals that it was aware that a prior statement does not constitute a prior bad act under MRE 404(b) because it is just that, a prior statement and not a prior bad act. See, *People v Rushlow*, 179 Mich App 172, 176; 445 NW2d 222 (1989). Rather, the trial court engaged in the relevant inquiry as to whether the admitted statement is relevant. *Id.* Under MRE 801(d)(2), a statement is excluded from the definition of hearsay if it is "offered against a party and is . . . his own statement. . . ." *People v Goddard*, 429 Mich 505, 523; 418 NW2d 881 (1988) (RILEY, J., concurring).

In this case, our review of the record evidence reveals that the trial court correctly decided that MRE 404(b) applies only to prior acts, not to prior statements. *Rushlow*, 179 Mich App at 176. The trial court then properly decided the statements admissible under MRE 801(d)(2), because they were a "description of the act by the defendant himself." *Goddard*, 429

Mich at 523 (RILEY, J., concurring). The trial court then found the statements "relevant and admissible" and determined that their probative value substantially outweighed any prejudicial effect to defendant. MRE 403; *People v Feezel*, 486 Mich 184, 198; 783 NW2d 67 (2010), stating, in relevant part that the "statements [to Officer Strauss] that [defendant] made to describe the act. . . [b]etween he and Welch relevant and admissible." Thus, the trial court's decision to admit defendant's statements to Strauss was not an abuse of its discretion. *Mardlin*, 487 Mich at 614. Accordingly, defendant is not entitled to relief on this issue.

Affirmed.

/s/ Stephen L. Borrello
/s/ Deborah A. Servitto
/s/ Doublas B. Shapiro